UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GALBRAITH & PAUL, INC.,              :

           **Plaintiff,**            :

v.                                                           :        **COMPLAINT**

SPRINGS INDUSTRIES, INC.; KOHL'S     :        (JURY DEMAND)
CORPORATION; and TJX COMPANIES,
INC.,                                :
           **Defendants.**
------------------------------------------------------------X

Plaintiff Galbraith & Paul, Inc., by its attorneys, for its Complaint against Defendants Springs Industries, Inc.; Kohl's Corporation and TJX Companies, Inc., alleges as follows:

### JURISDICTION AND VENUE

1.    This complaint alleges causes of action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.

2.    This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§1331.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(a).

### THE PARTIES

4.    Plaintiff Galbraith & Paul, Inc. (hereinafter "Plaintiff" or "G&P") is a corporation organized and existing under the laws of the State of Pennsylvania.

5.    G&P is a well known designer of original textile products which are sold throughout the United States and the world. G&P conducts a significant amount of its

business in this judicial district.

6. Upon information and belief, Defendant Springs Industries, Inc. (hereinafter "Springs") is a South Carolina corporation involved in the wholesale distribution of home furnishings.

7. Upon information and belief, Springs sells its products to retail stores located in this judicial district and throughout the United States.

8. Upon information and belief, Defendant Kohl's Corporation (hereinafter "Kohl's") is a Wisconsin corporation that operates hundreds of KOHL'S retail stores throughout the United Sates, including in this judicial district.

9. Upon information and belief, Defendant TJX Companies, Inc..(hereinafter "TJX") is a Massachusetts corporation that operates hundred of TJ MAXX retail stores which are located throughout the United States, including in this judicial district.

## COUNT I
## (Copyright Infringement)

10. This cause of action arises under the Copyright Laws of the United States, Title 17 United States Code Sec. 101 et seq.

11. G&P is well known for creating unique and original textile designs. For example, an article in the national magazine *House Beautiful* described G&P as a studio known for "exquisite handmade patterns." A copy of this article, is attached hereto as **Exhibit A**.

12. One of G&P's popular and widely publicized designs is a design that G&P identifies as "Donuts" (hereinafter "G&P's Donuts design"). G&P's Donuts design has

been featured in magazines such as *House & Garden* in July 2002, September 2003 and May 2005 editions, and in other well-known publications such as *Traditional Home* and *Metropolitan Home*. Copies of some of these articles featuring G&P's Donuts design are attached hereto as **Exhibit B**.

13. G&P Donuts design is exceptionally well known in the marketplace, and is often referred to as one of G&P's "signature" designs.

14. G&P's Donuts design was created in 1999 and consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et seq.

15. G&P has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to its Donuts design, and has duly requested from the Register of Copyrights a Certificate of Registration pertaining to said design, identified "DONUTS" Copyright Registration No. VA 1-161-824. A copy of said issued Certificate of Copyright Registration is attached hereto as **Exhibit C**.

16. All copies of G&P's Donuts design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States.

17. Upon information and belief, the Defendants having full knowledge of the copyright rights of G&P in its Donuts design as alleged herein, have infringed the aforesaid copyright of G&P by manufacturing, publishing, displaying, vending, distributing, selling, promoting and/or advertising products, including sheets and shower curtains, containing substantial material copied from G&P's Donuts design. A

photograph of an example of an infringing product sold by the Defendants is attached hereto as **Exhibit D**.

18. All of the acts of the Defendants, as set forth in the preceding paragraph, were undertaken without the permission, license, or consent of G&P, and are irreparably damaging G&P.

19. Upon information and belief, the activities of the Defendants have diminished and will continue to diminish the inherent value and marketability of G&P's Donuts design.

20. G&P has been damaged in an amount as yet unknown, but believed to be in excess of two hundred and fifty thousand ($250,000) dollars.

WHEREFORE, Plaintiff demands:

A. That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from infringing the copyright of Plaintiff either by selling, advertising, manufacturing, illustrating, publishing, displaying, vending, distributing, offering to sell, shipping, delivering, or promoting rugs or other products that are substantially similar to Plaintiff's Donuts design;

B. That the Defendants be required to pay the Plaintiff such damages as Plaintiff sustained as a consequence of Defendants' infringement and to account for all gains, profits and advantages derived by Defendants from said infringement, and that

such award for damages be trebled due to willful and wanton nature thereof;

C. That the Defendants be responsible for enhanced statutory damages due to the willful nature of the infringement;

D. That the Defendants pay to Plaintiff its costs of this action and Plaintiff's reasonable attorneys' fees, as the Court may allow Plaintiff.

E. That Plaintiff be granted such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff demands a trial by jury.

**GOTTLIEB, RACKMAN & REISMAN, P.C.**
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016-0601
(212) 684-3900

By:_____
George Gottlieb (GG 5761)
Richard Schurin (RS 0199)

Dated: New York, New York
January 19, 2006